IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ELEANOR TYSON, ALFRONZO COTTON, QUENTIN MCKISSACK, CARLOS WHITE, and TIANNA BIRDSONG, | )<br>)<br>)<br>) |
| | ) Case No. |
| Plaintiffs, | )<br>) Judge<br>) |
| v. | ) Magistrate Judge<br>) |
| NASHVILLE 5G HOLDINGS, LLC, WILLIAM MCKECHNIE and JONATHAN DROLSHAGEN, | ) Jury Demand<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

For their Complaint against Defendants Nashville 5G Holdings, LLC (5G), William Mckechnie (McKechnie), and Jonathan Drolshagen (Drolshagen), Plaintiffs Eleanor Tyson, Alfronzo Cotton, Quentin McKissack, Carlos White and Tianna Birdsong (Plaintiffs) state:

## PARTIES

1. Plaintiffs are each former employees of Defendant 5G.

2. Defendant 5G is a Virginia limited liability company with its principle place of business in Charlottesville, Virginia. Defendant 5G operates, pursuant to a franchise, various "Five Guys Burgers and Fries" restaurants within the Middle District of Tennessee. At all relevant times, Defendant 5G employed more than 15 individuals, including Plaintiffs. Defendant 5G may be served with process through its registered agent, Capitol Corporate Services, Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

3. Defendant McKechnie is a resident of Charlottsville, Virginia and an owner of Defendant 5G. Defendant McKechnie may be served with process at his office, 36 Old Farm Road, Charlottesville, Virginia 22903.

4. Defendant Drolshagen is a resident of Nashville, Tennessee, and an Area Manager of Defendant 5G. Defendant Drolshagen may be served with process at his residence, 5602 Meadowcrest Lane, Nashville, Tennessee 37209-4647.

## JURISDICTION AND VENUE

5. This is an action for damages and equitable relief for unlawful employment practices brought under 42 U.S.C. § 1981 (Section 1981), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Title VII), the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.* (THRA) and Tennessee common law. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). Venue is proper under 28 U.S.C. § 1391.

6. Plaintiffs Tyson, Cotton and McKissack filed timely charges of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and the EEOC mailed them Notices of Right to Sue on July 9, 2012. Plaintiffs Tyson, Cotton and McKissack bring their claims under Section 1981, Title VII, the THRA and the common law. Plaintiffs White and Birdsong bring their claims under Section 1981, the THRA and the common law.

## FACTS

7. Plaintiffs are African-American individuals and former employees of Defendant 5G. Plaintiff Tyson worked as a General Manager at 5G's West End Avenue and Green Hills "Five Guys Burgers and Fries" restaurants for four years. Plaintiff Cotton worked as a shift manager and Plaintiffs McKissack, White and Birdsong worked as crew members at 5G's Nashville restaurants.

8. Plaintiffs were qualified for their jobs with Defendant 5G and performed them in an excellent manner.

9. Plaintiffs engaged in legally protected activity. In June 2009, Ms. Tyson testified adversely to Defendants 5G and McKechnie in another consolidated race discrimination action against them in this Court styled *Maryann Brothers, et al., v. Nashville 5G Holdings, LLC, et al.*, Case No. 3:08-cv-1166 ("*Brothers, et al.*") and *Teaira King, et al., v. Nashville 5G Holdings, LLC, et al.*, Case No. 3:09-cv-549 ("*King, et al.*"). Further, in 2011 Ms. Tyson opposed potential wage and hour violations in Defendants' Nashville area stores with respect to employees not being permitted to clock out for breaks following six or more hours of work. The remaining plaintiffs were subjected to racial slurs in the workplace and comments by Defendants about how Defendants desired more Caucasian and fewer African-American employees. These plaintiffs complained to Defendants (and particularly to Defendant Drolshagen) about and opposed such illegal workplace conduct.

10. Defendants subjected Plaintiffs to adverse employment actions. Defendants failed and refused to promote Ms. Tyson to an available Area Manager position in which she had expressed interest and for which she was superiorly qualified in April 2009 and again in September 2010. Defendants discharged Ms. Tyson on December 13, 2011. Defendant failed and refused to rehire Ms. Tyson to an available General Manager position in which she expressed interest in late April 2012. Defendants discharged Plaintiff White on March 3, 2011, Plaintiff Birdsong on May 15, 2011, and Plaintiffs Cotton and McKissack on November 22, 2011.

11. Defendants hired a less qualified Caucasian male, John Isaac, for the available Area Manager position instead of Ms. Tyson in April 2009. Mr. Isaac had no experience

managing restaurants whereas Ms. Tyson has over 20 years' experience as a restaurant General Manager, including managing 5G's Nashville area restaurants. Further, Defendants discharged Mr. Isaac in or about September 2010. Defendants then hired another less qualified Caucasian male, Defendant Drolshagen, for the available Area Manager position instead of Ms. Tyson in September 2010. Mr. Drolshagen had little or no experience managing restaurants compared to Ms. Tyson. Defendants further selected a less qualified non-African-American individual for the General Manager position that became available in late April 2012 instead of Ms. Tyson.

12. Throughout Plaintiffs' employment, Defendants discriminated against them and treated them differently and less favorably in the terms, conditions and privileges of employment than similarly situated, non-African-American employees because of their race.

13. Following their discharges, Defendants replaced Plaintiffs with non-African-American individuals.

14. Defendants' alleged reasons for discharging Plaintiffs and for failing to promote and rehire Ms. Tyson are pretexts for discrimination and retaliation. Defendants failed and refused to promote Ms. Tyson to the available Area Manager position in April 2009 because of her race. Defendants failed and refused to promote Ms. Tyson to the available Area Manager position in September 2010, discharged her in December 2011, and failed and refused to rehire her for the available General Manager position in April 2012 because of her race and/or in retaliation for engaging in legally protected activities. Defendants discharged Plaintiff White on March 3, 2011, Plaintiff Birdsong on May 15, 2011, and Plaintiffs Cotton and McKissack on November 22, 2011, because of their race and/or in retaliation for reporting, opposing, and refusing to remain silent about and/or participate in Defendants' illegal activities.

4

15. During Plaintiffs' employment Defendants allowed and failed to remedy a racially hostile work environment that altered Plaintiffs' working conditions. Throughout their employment, Plaintiffs were repeatedly subjected to unwelcome, objectively and subjectively offensive racially discriminatory statements and conduct by non-African-American managerial agents of Defendants.

16. Defendants discriminated against Plaintiffs because of their race in violation of Section 1981, Title VII and the THRA.

17. Plaintiffs reported, opposed and refused to remain silent about or participate in Defendants' illegal discriminatory conduct and Defendants retaliated against them for doing so, in violation of Section 1981, Title VII and the THRA.

18. Defendants McKechnie and Drolshagen aided, abetted, incited, compelled and/or commanded persons, including those employed by them and the defendant company they controlled, to engage in discriminatory and retaliatory practices and also retaliated against Plaintiffs.

19. As a result of Defendants' actions, Plaintiffs have suffered damages.

20. As a result of their actions, Defendants are liable to Plaintiffs in an amount to be determined by the jury for the damages Plaintiffs have suffered.

21. As a result of their actions, Defendants are liable for punitive damages and for Plaintiffs' attorneys' fees and costs.

22. As a result of their actions, Defendants are obligated to make Plaintiffs whole for all lost earnings and benefits.

## Claims for Race Discrimination, Racially Hostile Work Environment and Retaliation
## in Violation of Federal and Tennessee Law
## (Against All Defendants)

23. Plaintiffs hereby incorporate and reallege the factual averments as set forth in paragraphs 1 through 22 herein.

24. Defendants discriminated against Plaintiffs in the terms, conditions and privileges of their employment, refused to promote Plaintiff Tyson to the Area Manager position and to rehire her to the General Manager position and discharged all Plaintiffs from their employment because of their race, in violation of Section 1981, Title VII and the THRA.

25. Defendants allowed and failed to remedy a racially hostile work environment that altered Plaintiffs' working conditions in violation of Section 1981, Title VII and the THRA.

26. Defendants retaliated against Plaintiffs for reporting, opposing and refusing to remain silent about or participate in illegal conduct and, in addition, in the case of Plaintiff Tyson, for giving adverse testimony in the *Brothers, et al.* and *King, et al.* race discrimination cases against Defendants, in violation of Section 1981, Title VII and the THRA.

27. Defendants McKechnie and Drolshagen aided, abetted, incited, compelled and/or commanded persons, including those employed by them and the defendant company they controlled, to engage in discriminatory and retaliatory practices and retaliated against plaintiffs, in violation of Tenn. Code Ann. § 4-21-102 and § 4-21-301. Defendants McKechnie and Drolshagen are individually liable to Plaintiffs under Section 1981 and the THRA.

28. As a result of their actions, Defendants are liable to Plaintiffs in an amount to be determined by the jury for the damages Plaintiffs have suffered as well as for punitive damages.

29. As a result of their actions, Defendants are liable for plaintiffs' attorneys' fees and costs.

30. As a result of their actions, defendants are obligated to make Plaintiffs whole for all lost earnings and benefits.

**WHEREFORE,** premises considered, Plaintiffs demand the following relief:

1. A jury trial and entry of judgment in their favor;

2. Back pay and damages for lost benefits;

3. Compensatory damages for embarrassment and humiliation, emotional pain and suffering and mental anguish, stress and anxiety, inconvenience, and loss of enjoyment of life;

4. Reinstatement or, alternatively, front pay and damages for lost benefits;

5. Punitive damages;

6. Attorneys' fees and expenses;

7. Prejudgment interest and, if applicable, post judgment interest; and

8. Such other and further legal or equitable relief to which they may be entitled.

Respectfully submitted,

*/s/ Stephen W. Grace*
Stephen W. Grace, (BPR No. 14867)
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225

*/s/ Douglas B. Janney III*
Douglas B. Janney III (BPR No. 19112)
2002 Richard Jones Road
Suite B-200
Nashville, Tennessee 37215
(615) 742-5900

Attorneys for Plaintiffs